**[J-25-2022] [MO: Dougherty, J.]**
**IN THE SUPREME COURT OF PENNSYLVANIA**
**MIDDLE DISTRICT**

| | | |
|---|---|---|
| CENTRAL DAUPHIN SCHOOL DISTRICT, | : | No. 88 MAP 2021 |
| | : | |
| Appellant | : | Appeal from the Order of the |
| | : | Commonwealth Court at No. 1154 |
| | : | CD 2017 dated April 22, 2021 |
| v. | : | Affirming the Order of the Dauphin |
| | : | County Court of Common Pleas, |
| | : | Civil Division, at No. 2016-CV-4401- |
| VALERIE HAWKINS, FOX 43 NEWS AND | : | MP dated August 1, 2017. |
| THE COMMONWEALTH OF | : | |
| PENNSYLVANIA, OFFICE OF OPEN | : | ARGUED: April 12, 2022 |
| RECORDS, | : | |
| | : | |
| Appellees | : | |

## CONCURRING AND DISSENTING OPINION

**JUSTICE MUNDY** **DECIDED: December 21, 2022**

This case presents a similar scenario to the one this Court addressed in *Easton Area School District v. Miller*, 232 A.3d 716 (Pa. 2020) (*"Easton II"*), where we were faced with the request for a school surveillance video pursuant to the Pennsylvania Right-to-Know Law ("RTKL"), 65 P.S. §§ 67.101-67.3104. In *Easton II*, I joined the opinion authored by then-Chief Justice Saylor that would have held that the video in question qualified as an educational record under the Family Educational Rights and Privacy Act ("FERPA"), 20 U.S.C. § 1232g, that the video was exempt from release pursuant to FERPA, and that the issue of redaction was not properly before the Court. *Easton II,* 232 A.3d at 734-36 (Saylor, C.J. concurring in part). A plurality of the Court agreed the video was an educational record but found that it was not exempt from release pursuant to FERPA. *Id.* at 734. The plurality, however, determined "the images the video contains

depicting the personally identifiable information of students are exempt from public disclosure pursuant to FERPA and therefore also exempt from public disclosure under RTKL's Section 305(a)(3)." *Id.* The plurality, thus, addressed the issue of redactions, and held that when a video that is subject to disclosure also contains images of school students which are not subject to disclosure, "the [d]istrict is obligated to redact students' images by, for example, blurring or darkening portions of the video revealing the students' identities." *Id.* at 731. Herein, we are again faced with a RTKL request for the disclosure of a school surveillance video which undoubtedly contains personally identifiable information of students which are exempt from public disclosure. The Majority, like the plurality in *Easton II*, directs the district to redact that information and disclose the video. As I disagree with the Majority's edict that the District must redact and disclose the video, I am obliged to dissent.

The Majority holds that education records in possession of a school district are presumed to be public records and the district has the burden to prove the record is exempt from disclosure by a preponderance of the evidence. Majority Op. at 23. I take no issue with this determination. The Majority, however, goes on to conclude that in the case *sub judice*, the Central Dauphin School District (the "District") failed to meet its burden to show the video, by virtue of being an educational record, is exempt from disclosure. *Id.* at 24. The District argues the video is exempt from disclosure under Section 708 of the RTKL as the District is unable to redact the video. *See* 65 P.S. § 67.706 ("[t]he agency may not deny access to the record if the **information which is not subject to access is able to be redacted**.") (emphasis added). The Majority agrees that the video, like the one at issue in *Easton II*, contains student information that is exempt from public disclosure. Majority Op. at 24-25. It, however, summarily rejects the District's argument that it does not possess the ability to redact the video. *Id.* at 25.

In so doing, the Majority endorses the trial court's conclusion that "the capability to blur out individual students … is not impossible," despite there being no evidence in the record to support such a conclusion. *Id.* at 24 (quoting Trial Court. Op., 8/1/2017 at 10). Instead of citing to any evidence of record, the Majority quotes from a District Court opinion, quoted by the Commonwealth Court below, and anecdotally concludes that since teenagers can revise screenshots "by such techniques as inserting cat faces over the visages of humans" then school districts must possess the technology necessary to properly redact private student educational information from security video. *Id.* (quoting *Evans v. Federal Bureau of Prisons*, 951 F.3d 578, 587 (D.C. Cir. 2020)). The Majority essentially creates a presumption that school districts will never be able to meet their burden to show they lack the ability to redact video, or any other media, to remove identifiable student information. The argument being, if any teenager can do it how can a school district, or any government agency, not also be able to. Further, in directing the District to redact the video to remove the students' personally identifiable information, the Majority does not explain what the District should do if it cannot, in fact, redact the information, as the evidence of record suggests. It appears the only option the District has in that scenario is to disclose the unredacted video, a clear violation of FERPA.

The *Easton II* plurality claimed that it did not "suggest the [d[istrict is obligated to finance such redactions, which responsibility may fall either to the [d]istrict or to the [r]equester depending on other laws, policies, or legal directives that are not before this court in the present appeal." *Easton II*, 232 A.3d at 731 n.15. Nevertheless, the Majority creates such an obligation here. I have no doubt many of the Commonwealth's school districts possess the technological ability to redact surveillance videos or the financial wherewithal to retain outside assistance. There are, however, many financially struggling districts, especially in the Commonwealth's rural communities, that struggle to meet their

students' basic educational needs. The Majority's decision requires these cash-strapped districts to invest some of their limited resources into new technologies in contemplation of possible future RTKL requests.[1]

Perhaps more concerning than the financial ramifications of the Majority's holding is the short shrift it gives to students' privacy interests. I agree with the Majority that students' "personally identifiable information" is exempt from disclosure under FERPA. Majority Op. at 25. As the Majority observes, pursuant to FERPA, students; "personally identifiable information" "includes, but is not limited to" the student's and family members' names; student's social security number, other direct or indirect identifies; and

> (f) Other information that, alone or in combination is linked or linkable to a specific student that would allow a reasonable person in the school community, who does not have personal knowledge of the relevant circumstances, to identify the student with reasonable certainty; or

> (g) Information requested by a person who the educational agency or instruction reasonably believes knows the identity of the student to whom the education record relates.

34 C.F.R. § 99.3. The Majority acknowledges that "videographic images generally fall within such identifying information under subjection (f)[,]" but finds the provision "less apt here where the District indicates the public has personal knowledge of the relevant circumstances." Maj. Op. at 26. Thus, the Majority finds subsection (g) to be more compelling, and "recognize[s] that certain circumstances might warrant reliance on this provision to preclude the press or others from accessing records regarding well-known

---

[1] This does not address situations where no amount of redaction can protect a student's privacy. In many smaller communities within the Commonwealth there are so few students that members of the community, including those without knowledge of the incident in question, will easily be able to deduce the identity of the students in a surveillance video even if the faces and jersey numbers are redacted. In those circumstances, courts will need to consider whether disclosure is barred pursuant to FERPA even with redactions.

incidents or students." *Id.* However, finding such inquires to be fact specific, and relying on the District's failure to raise these provisions until appeal to the Commonwealth Court, the Majority finds it "lack[s] sufficient context to reverse" the directive to disclose the video. *Id.* The Majority continues on to criticize the District for failing to comply with its obligation to notify the students and their parents of the record request, the District's disposition of the request, and the present litigation. *Id.* at 27. In concentrating solely on the District's actions, the Majority ignores one of the original purposes of FERPA, which is to protect students' privacy. *See Electronic Privacy Information Center v. U.S. Dep't of Education*, 48 F.Suppp.3d 1, 5 (D.C.C. 2014) ("FERPA was first passed in 1974 to ensure access to educational records for students and parents and to protect the privacy of those records from the public at large." (internal quotations omitted)).

According to the Majority, "it is the responsibility of the … District [] to balance students' informational privacy rights, by implementing required redactions, in the first instance, and addressing those constitutional considerations before the factfinder when challenged; our mechanism for addressing failures in this regards is merely to remand." Maj. Op. at 27 (citing *Easton Area II*, 232 A.3d at 732-733 (internal citation omitted); *Reese v. Pennsylvanians for Union Reform*, 173 A.3d 1142, 1159 (Pa. 2017); *Pa. State Educ. Ass'n v. Com., Dep't of Community and Econ. Dev.*, 148 A.3d 142, 144 (Pa. 2016)). The Majority, however, declines to remand, at least in part, because the youngest of the students in the video will turn twenty years old this year and "[w]hatever privacy interest may still exist in a redacted video six years after the incident was highly publicized can only be speculated now." *Id.* In my view the students' privacy interests in their personal information is just as strong today as the day the video was taken, and students do not somehow age out of their privacy interest in the educational records. The Majority cites

to no authority to support such a conclusion. Further, the holding of this case has precedential value in future school surveillance video request cases.

I agree with the Majority that education records in possession of a school district are presumed to be public records and the district has the burden to prove the record is exempt from disclosure by a preponderance of the evidence. I further agree with the Majority that the surveillance video in question is an educational record under FERPA and that students' personal identifiable information is exempt from disclosure under FERPA. However, as I disagree with the Majority's creation of a presumption that school districts have the ability to redact students' personal identifiable information from video, imposing the costs of such redaction on districts, and its apparent diminishment of students' privacy interest in their educational records, I respectfully dissent from those portions of the Majority's holding.